Judge Robertson
delivered the opinion of the Court.
This was an ejectment by William Farrow and others against Alexander S. Farrow and others. The demise was for two thousand acres of land, on Grassy creek, in Montgomery, described as part meadow, part corn land, &c. without any designation of boundary, or special description, to identify the precise tract.
The jury found a verdict for the lessors of the plaintiffs, for five-sixth parts of 120 acres of the land, in the declaration mentioned, and embraced by the boundary, in the deed from James Wren to William Farrow. The deed from Wren to Farrow, is for 120 acres, and describes the boundary with precision.
*389 The court arrested the judgment for a supposed uncertainty in the verdict. A second trial resulted in a similar verdict. A new trial having been ed, for an alleged insufficiency of the evidence, to sustain the verdict, the plaintiffs, for failing to offer evidence on a third trial, were non-suited. They have prosecuted a writ of error with a supersedeas, and assign various errors in the progress of the case, to its final consummation. But if the court erred in arresting judgment on the first verdict, it will be unnecessary to notice other errors.
In modern practice, the rigidity of some of the ancient rules in ejectment, has been relaxed. And there is abundant authority to show that now, a verdict for the land in the declaration described,” is sufficiently certain, although the description in the declaration, may not be such as to identify the exact quantity or precise boundary, When the habere facias issues, the plaintiff must, at his peril, obtain possession of no land, which was not included by the claim set out in his declaration, and by the verdict and judgment in his favor. If he shall get possession of any more or oth^r land, the party so evicted, will have a right to restitution, on motion. The court, by recurring to the record,, title papers and other proofs, will be able to ascertain what land was recovered. See Adams on ejectment, 21; and Simpson’s heirs vs. Shannon’s heirs, V. Littell’s Reports, 324.
It is not usual to give the boundary of the land, in the declaration, and, therefore, the verdict, in this case, is more definite and certain than verdicts generally are, which find “the land in the declaration men-tionedThis verdict finds for the lessors, five-sixths of 120 acres, covered by the deed of Wren to Farrow. This deed will give locality and limits to the land embraced by the verdict. Being susceptible of precision and certainty, by reference, the verdict, should be considered certain. It was, therefore, sufficiently definite and exact. And, consequently, the circuit court erred in not rendering a judgment upon it. ' The deed is not made a part of the record. But as it is on the records of the clerk’s office, it may be seen, whenever it shall be necessary; and, therefore. *390 if tbe plaintiffs should get possession of any land, not intended by the verdict, the court, by referring to the deed, would have no difficulty, in ordering restitution.
Monroe, for plaintiffs; Hanson, for defendants. •
If the verdict had not referred to the deed, it would have been good. It is tor land embraced ip the declaration, and is, therefore, sufficiently certain. II. Bibb, 236.
The verdict is more certain than it would have been, if it had made no reference to the deed, because if there shall ever be any dispute or controversy about what land the verdict includes, the deed can be used as evidence to ascertain and identify the precise boundary. The defendants are, therefore, secure from injury. They cannot be prejudiced by the alleged uncertainty.
Wherefore, the judgments of the circuit court, rendered subsequently to the first verdict, are reversed' and set aside, and the cause remanded, with instructions to give judgment on the verdict.